### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GRINNELL MUTUAL**
**REINSURANCE COMPANY,**

**Plaintiff,**

**v.**

**RENA SMITH, MICHAEL STIFLE,**
**ROGER OSBORN, and TAMMY WOOD**
**as administrator of the**
**Estate of Harry Yargus, deceased,**

**Defendant.**                                              **No. 08-892-DRH**

### DEFAULT ORDER
### AND JUDGMENT

**HERNDON, Chief Judge:**

This matter comes before the Court upon Plaintiff Grinnell Mutual Reinsurance Company's ("Plaintiff") motion for default judgment pursuant to **Rule 55(b)** against Rena Smith (Doc. 26).[1]  Plaintiff alleges that Rena Smith was insured under a Farm-Mate/Farm Guard policy number 33542-FC which Plaintiff provided liability coverage under the Farm Guard policy for property located at 16490 North 1470 Fifth Street Hudsonville, IL (Doc. 2 ¶¶ 7 & 30).  On May 29, 2007, a gas explosion and fire occurred at an apartment building located at 204 North Jackson Street in Robinson, Illinois.  Defendants Michael Stifle and Roger Osborn were

---

[1] Plaintiff had previously filed a motion for default (Doc. 25) against Rena Smith which did not state that Plaintiff had previously filed for an entry of default and that the Clerk entered default. Plaintiff's previous motion for default appears to be substantially similar to its current motion for default judgment.  Therefore, the Court **FINDS AS MOOT** Plaintiff's motion for default (Doc. 25) as it appears to be a duplicate of its more detailed motion for default judgment (Doc. 26).

injured in the explosion and fire, while Harry L. Yargus was injured and subsequently died as a result of the explosion and fire (*Id*. at ¶¶ 8, 9, 14, & 17). Michael Stifle, Roger Osborn, and Tammy Wood, Individually and as Administrator of the Estate of Harry L Yargus, have filed individual lawsuits against Rena Smith and others for the injuries and damages suffered as a result of the explosion (*Id*. at ¶¶ 10,  11, 14, 15, 18, & 19; Exs. B, C, & D).

In the suits, Stifle and Osborn allege that Rena Smith acted in her individual capacity and as an agent of A.J. Mason, Inc. and Five Star Management, Inc. and that A.J. Mason, Inc., Five Star Management, Inc., and Rena Smith acted jointly in the management and maintenance of the business enterprise at the apartment complex located at 204 North Jackson Street (*Id*. at ¶¶ 12 & 16).  Tammy Wood's complaint alleges that Rena Smith was the owner of A.J. Mason, Inc., and Heritage, as well as was the president, secretary, and registered agent of Five Star Management, Inc. (*Id*. at ¶ 20).  Plaintiff alleges that under the insurance policy it had no duty to defend or indemnify Rena Smith in the three lawsuits for injuries occurring at 204 North Jackson Street as the property does not fall within the definition of "insured premises" under the policy (*Id*. at ¶¶ 26-28).[2]  The individual Complaints filed by Stifle, Osborn, and Wood all allege that the premises at 204 North Jackson Street was a business enterprise which contained multiple rental

---

[2]  Under the policy, an insured premises includes farm land, premises acquired by the insured as a residence, vacant land, cemetery plot, structures used by the insured in connection with his/her residence premises, or land under construction for use as a family residence.  (See Farm-Guard Policy GMRC 2210P 7-97, p. 2, Ex. A p. 47).

units (*Id*. at ¶ 29).  Plaintiff also alleges that Rena Smith's activities as owner or manager of the apartments constituted a trade or profession which generated more than $2,000 per year and the policy did not provide coverage for such business activity (*Id*. at ¶¶ 32-38).  Accordingly, Plaintiff alleges that it has no duty to defend or indemnify Rena Smith for the three lawsuits filed against her (*Id*. at ¶¶ 31 & 39)and seeks a declaratory judgement stating that Plaintiff has "no contractual or other obligation to provide a defense or indemnification for Rena Smith for any injuries or damages which either Michael Stifle, Roger L. Osborn or Tammy Wood, Individually and as Administrator of the Estate of Harry L. Yargus, deceased, incurred as a result of the alleged malfunctioning water heater which allegedly caused an explosion and fire at the apartments located at 204 North Jackson Street, Robinson, Illinois on May 29, 2007."

Plaintiff moved for default judgment against Defendant Rena Smith seeking the declaratory relief asked for in its Complaint.  The docket reflects that Defendant Rena Smith was in default; an entry of default was issued by the Clerk on August 10, 2009 (Doc. 24).[3]

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55.**  Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself.

---

[3] Plaintiff had originally filed a motion for default judgment (Doc. 21) which this Court denied because Plaintiff had failed to first seek an entry of default from the Clerk of Court (Doc. 22).  Plaintiff subsequently filed a motion for entry of default (Doc. 23) and Clerk entered default on August 10, 2009 (Doc. 24).

**FED. R. CIV. P. 55(a)**.  The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion.  ***Homer v. Jones Bey*, 415 F.3d 749, 753 (7th Cir. 2005)**.  "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-pleaded.  ***Dundee Cement Co. v. Howard Pipe Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**.  Plaintiff must then establish a right to the requested relief sought.  ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)**.

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" prayed for in the demand for judgment.  **FED. R. CIV. P. 54 (c)**.  Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment.  ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted)**.  Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party.  ***Id.***  Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits."  ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793.**

Plaintiff states that it properly served Rena Smith with a Complaint and

a waiver of summons and that Attorney Richard Chapin entered his appearance on behalf of Smith (Doc. 13) but failed to timely file an Answer or other responsive pleading.  She has also not opposed Plaintiff's Motion for Default.  The only relief Plaintiff seeks in default is declaratory.   Therefore, **IT IS ORDERED AND ADJUDGED** that Plaintiff's motion for default judgment pursuant to Rule 55(b) (Doc. 26) against Rena Smith is **GRANTED** and judgment is entered in favor of plaintiff, **Grinnell Mutual Reinsurance Company** and against defendant, **Rena Smith**.

The Court also notes that Plaintiff filed a motion for summary judgment against all of the Defendants including Michael Stifle, Roger L. Osborn, and Tammy Wood, Individually and as Administrator of the Estate of Harry L. Yargus, deceased (Doc. 20).  As of this date, none of the Defendants have filed a response and the deadline for filing a response has long since passed.  Accordingly, under **Local Rule 7.1(g)** the Court deems Defendants Stifle, Osborn, and Wood's failure to respond an admission of the merits of the motion.[4]  Therefore, the Court **GRANTS** Plaintiff's motion for summary judgment (Doc. 20) as to Defendants Michael Stifle, Roger Osborn and Tammy Wood, Individually and as Administrator of the Estate of Harry L. Yargus.[5]  Therefore, **IT IS ORDERED AND ADJUDGED** that judgment is entered

---

[4] **Local Rule 7.1(g)** provides that: "Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion."

[5] An insurer's duty to defend "is determined by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy.*" Dixon Distributing Co. v. Hanover Ins. Co.*, 161 Ill.2d 433, 438, 641 N.E.2d 395, 398 (Ill. 1994).  If the complaint alleges facts that fall potentially within the policy's coverage, the insurer has a duty to defend the insured in the lawsuit. *Id.* **at 438-39, 641 N.E.2d at 398.**  Defendants Stifle, Osborn, and Wood have not denied that the clear terms of the policy does not provide coverage for injuries at the apartment complex because the property is not an

in favor of plaintiff, **Grinnell Mutual Reinsurance Company** and against Defendants, **Michael Stifle, Roger Osborn, and Tammy Wood, Individually and as Administrator of the Estate of Harry L. Yargus.**

Accordingly, Judgment is entered in favor of Plaintiff **Grinnell Mutual Reinsurance Company** and against Defendants **Rena Smith, Michael Stifle, Roger Osborn, and Tammy Wood as administrator of the Estate of Harry Yargus** for the declaratory relief sought by Plaintiff.  The Court **DECLARES** that:  Plaintiff Grinnell Mutual Reinsurance Company has no contractual or other obligations to provide a defense or indemnification for Rena Smith for any injuries or damages which either Michael Stifle, Roger L. Osborn or Tammy Wood, Individually and as Administrator of the Estate of Harry L. Yargus, deceased, incurred as a result of the alleged malfunctioning water heater which allegedly caused an explosion and fire at the apartments located at 204 North Jackson Street, Robinson, Illinois on May 29, 2007.

**IT IS SO ORDERED.**

Signed this 15th day of October, 2009.

/s/      David R Herndon

**Chief Judge**
**United States District Court**

---

"insured premises" and Smith's activities as a manager at the complex were not protected activities under the policy.